# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VIRGINIA BOOTH SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 11-00315-WS-N |
| ) | |
| FRANK ALBRIGHT, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Virginia Booth Smith, a state prisoner presently in the custody of the respondent, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 (Doc. 3; *see also* Docs. 1, 2). The respondent, through the Attorney General of Alabama, has responded (Doc. 9). And Smith has filed a reply in support of her petition (Doc. 14). This matter is now before the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rule Governing Section 2254 Cases, and Local Rule 72.2(c)(4). And, for all the reasons discussed below, it is **RECOMMENDED** that Smith's petition be **DENIED** and that the Court find Smith is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

### I.  Applicable Background

Smith, convicted by a Baldwin County jury in 2007 of single counts of production, and possession, of obscene matter containing a visual depiction of a person under 17 years old, in violation of Ala. Code §§ 13A-12-197 and 13A-12-

192(b), respectively, was sentenced to terms of life and ten years imprisonment, respectively. She appealed her convictions to the Alabama Court of Criminal Appeals, which affirmed. She failed to file an application for rehearing, and on March 4, 2009, the Court of Criminal Appeals issued its certificate of judgment. While the procedural history of Smith's direct appeal is straightforward, the rather tortured procedural history of her pursuit of post-conviction relief in the state courts frames the issue now before this Court.

Smith filed her first Rule 32 petition on December 30, 2009. While her request to proceed *in forma pauperis* was denied February 11, 2010, the notice of that denial was not sent to Smith until March 9, 2010, shortly after the expiration of Rule 32.2(c)'s one-year limitation period. Smith did not appeal, but instead filed a second Rule 32 petition, on April 1, 2010, which is alleged to be identical to her first petition. That petition was summarily dismissed on May 25, 2010, on the basis that it was not timely filed. Smith again did not appeal, but again filed a third Rule 32 petition, on July 8, 2010. In the third petition, she

> alleged that the untimely filing of her second petition was not her fault, but rather was caused by the circuit clerk's failure to inform her in a timely manner of the denial of her first petition. As such, Smith's third Rule 32 petition sought an out-of-time appeal from the denial of first petition. Smith also state[d] that "her Rule 32 petition was timely filed on December 30, 2009, and therefore she should be granted the opportunity to be heard on the issues raised in her first Rule 32 petition."

*Smith v. State* (Ala. Crim. App. Feb. 11, 2011) (Doc. 9-24 at 2). The third petition was also summarily dismissed by the circuit court, and Smith appealed.

In her appeal of that denial, Smith contended

2

> that the circuit court should have treated her second Rule 32 petition, which raised the same issues as her first Rule [32] petition, as timely filed on the grounds that she was unable to file her second petition within the one-year filing period of Rule 32.2(c) due to the circuit clerk's delay in notifying her of the denial of her first petition. [That is,] had the circuit clerk promptly informed her that her *in forma pauperis* request had been denied, she would have paid the requisite filing fee before the one-year limitations period contained in Rule 32.2(c) expired.

(*Id.* at 3-4.)

In addressing the third post-conviction filing by Smith, the Court of Criminal Appeal began by noting that it would be treated "as a Rule 32 petition because the claims raised in the petition were cognizable in a Rule 32 petition" and because "Smith filed this petition 44 days after the denial of her second Rule 32 petition; thus, it could not be construed as a post-judgment motion to reconsider or motion in arrest of judgment regarding the denial of her second petition." (*Id.* at 4 (citations omitted).) The court then concluded that, to the extent she sought it, Smith was "not entitled to an out-of-time appeal under Rule 32.1(f)"[1] because Smith failed to explain "why she did not appeal the denial of her second Rule 32 petition in a timely fashion. As such she has failed to meet her burden of pleading under Rule 32.6." (*Id.* at 4.) The court also found that

> even if the circuit court had granted Smith's third Rule 32 petition and allowed for her to appeal the denial of her second Rule 32 petition,

---

[1] That provision of Rule 32.1 provides that "[s]ubject to Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on that ground that . . . [t]he petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part." ALA. R. CRIM. P. 32.1(f).

3

> Smith still would not be entitled to relief on her argument that the circuit court should have equitably tolled the one-year limitation period contained in Rule 32.2(c) allowing review of her various claims for relief[ because] Smith had the burden of pleading equitable tolling to the circuit court and failed to do so.

(*Id.* at 4-5 (citations omitted); *see also id.* at 5 (further acknowledging that the Alabama Court of Criminal Appeals "has recognized that a circuit court may dismiss a Rule 32 petition pursuant to Rule 32.2(c) where a petitioner argues on appeal entitlement to equitable tolling, but failed to assert equitable tolling in her petition[,]" and concluding, "[t]hus, even if [the Court of Criminal Appeals] were to grant Smith an out-of-time appeal for her second Rule 32 petition, she would not be entitled review of her untimely claims because she failed to first plead the doctrine of equitable tolling to the circuit court").

Finally, also with regard to equitable tolling, the Court of Criminal Appeals held that, to the extent she was "trying to use her third Rule 32 petition to somehow amend her second Rule 32 petition to plead entitlement to relief based on the doctrine of equitable tolling[,]" Smith was not entitled to such relief. (*Id.* at 5 ("This type of remedy is not available under Rule 32.").) Thus, the Court of Criminal Appeals concluded, "Smith's failure to initially assert equitable tolling in her second Rule 32 petition coupled with her failure to timely file any post-judgment motions has ***precluded this Court from addressing the underlying merits*** of her substantive claims for relief." (*Id.* (emphasis added).)

Smith filed an application for rehearing in the Court of Criminal Appeals, which that court overruled. Her subsequent petition for writ of *certiorari* in the Alabama Supreme Court was denied, and the Court of Criminal Appeals issued a

4

certificate of judgment.

## II. Analysis

In this Court, the State contends (1) that Smith's § 2254 petition was not timely filed; (2) that Smith failed to properly exhaust her claims in state court; and, relatedly, (3) that Smith's claims are procedurally defaulted. (*See generally* Doc. 9.) In response, Smith contends that her petition in this Court is timely and also that the failure to exhaust, and/or the procedural default of, her claims "should be excused by her claim of actual innocence." (*See generally* Doc. 14.) For purposes of addressing Smith's § 2254 petition, the undersigned will assume (but not find) that the petition is timely, and will instead focus on whether this Court is procedurally barred from reaching the merits of Smith's claims.

To begin, "[t]he role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials." *Smith v. Newsome*, 876 F.2d 1461, 1463 (11th Cir. 1989) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)). Relatedly,

> if a petitioner fails to raise his federal claim to the state court at the time and in the manner dictated by the state's procedural rules, the state court can decide the claim is not entitled to a review on the merits, because the claim is procedurally defaulted. Usually, if the last state court to examine a claim explicitly finds that the claim is defaulted because the petitioner failed to follow state procedural rules, then federal review of the claim is also precluded pursuant to federal procedural default principles. As explained by the Eleventh Circuit:
>
>> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the

5

> claim is procedurally defaulted. Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, *Harris v. Reed*, 489 U.S. 255, 263 (1989), and that bar provides an adequate and independent state ground for denying relief. *See id.* at 262; *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988). The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, *see Presnell v. Kemp*, 835 F.2d 1567, 1578-79 (11th Cir. 1988), *cert. denied*, 488 U.S. 1050 (1989), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991).

*Hardy v. Allen*, No. 5:07–cv–1222–IPJ–RRA, 2010 WL 9447204, at *5 (N.D. Ala. Sept. 21, 2010) (quoting *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991) (some internal citations modified)).[2]

Here, the Alabama Court of Criminal Appeals, the last court to substantively address Smith's attempts to obtain post-conviction relief in the state courts,[3] undoubtedly "clearly and expressly" stated "Smith's failure to initially assert

---

[2] While the State's response to the petition specifically contends that Smith's claims have been procedurally defaulted, because that same response also focuses considerably on an alleged failure to properly exhaust claims in state court, it is worth pointing out that the two doctrines often "intertwine." *Id.* at *6 ("For instance, . . . 'if it is clear from state law that any future attempts at exhaustion [in state court] would be futile' under the state's own procedural rules, [a federal] court can simply find that the claim is 'procedurally defaulted, even absent a state court determination to that effect.'" (quoting *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) (in turn citing *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998)))); *see also Scheffler v. Camon*, No. CV409-119, 2009 WL 3481899, at *3 & n.4 (S.D. Ga. Oct. 28, 2009) ("To be sure, this case in fact suffers from lack of exhaustion. By his own admission, Scheffler has deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court. . . . Most probably he has procedurally defaulted his claims by repeatedly failing to appeal adverse rulings against him within the state court system.").

[3] As stated above, the Alabama Supreme Court denied her writ of *certiorari*, without opinion, on May 6, 2011. (*See* Doc. 9-29.)

equitable tolling in her second Rule 32 petition coupled with her failure to timely file any post-judgment motions [ ] **_precluded_** [a review of] **_the underlying merits_** of her substantive claims for relief." (Doc. 9-24 at 5; *see also id.* at 4-5 ("Here, Smith has offered no explanation as to why she did not appeal the denial of her second Rule 32 petition in a timely fashion. . . . Moreover, even if the circuit court had granted Smith's third Rule 32 petition and allowed her to appeal the denial of her second Rule 32 petition, Smith still would not be entitled to relief on her argument that the circuit court should have equitably tolled the one-year limitation period contained in Rule 32.2(c) allowing review of her various claims for relief. Smith had the burden of pleading equitable tolling to the circuit court and failed to do so." (citations omitted)).)

> Turning to the second prong of the procedural default doctrine,
>
> [t]he Supreme Court defines an "adequate and independent" state court decision as one that "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Lee v. Kemna*, 534 U.S. 362, 375 (2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). Whether or not a state procedural rule is "adequate and independent" so as to have a preclusive effect on federal review of a claim "is itself a federal question." *Id.* (quoting *Douglas v. Alabama*, 380 U.S. 415, 422 (1965)).
>
> A state procedural rule is "independent of the federal question" when it "rest[s] solidly on state law grounds [that are not] intertwined with an interpretation of federal law." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (quoting *Card v. Dugger*, 911 F.2d 1494, 1516 (11th Cir. 1990)). To be considered "adequate," by a federal court, the state procedural rule must be both "firmly established and regularly followed." *Lee*, 534 U.S. at 375 (quoting *James v. Kentucky*, 466 U.S. 341, 348 (1984)). This does not mean that the procedural rule must be applied rigidly in every instance, or that occasional failure to do so eliminates its "adequacy." Rather, the "adequacy" requirement means only that the procedural rule "must not be applied in an arbitrary or unprecedented fashion." *Judd*, 250 F.3d at 1313. If it is adequate,

7

> then the federal court normally cannot review the issue. However, if the rule is not firmly established, or if it is applied in an arbitrary, unprecedented and manifestly unfair fashion, it is not adequate to preclude federal review. *Card*, 911 F.2d at 1517.

*Hardy*, 2010 WL 9447204, at *6 (some internal citations modified); *see also Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006) ("Federal courts are barred from reaching the merits of a state prisoner's federal habeas claim where the petitioner has failed to comply with an independent and adequate state procedural rule. *Wainwright v. Sykes*, 433 U.S. 72, 85-86 (1977). When a state court correctly applies a procedural default principle of state law, federal courts must abide by the state court decision, *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.1990), but only if the state procedural rule is regularly followed, *Ford v. Georgia*, 498 U.S. 411, 424 (1991)." (some internal citations modified)).

Smith was not convicted until 2007. Thus, Rule 32.2(c), Alabama Rules of Criminal Procedure, the procedural rule with which Smith failed to comply, was certainly, at all times applicable to Smith's post-conviction petitions, "firmly established and regularly followed for purposes of applying the doctrine of procedural default."[4] *Siebert*, 455 F.3d at 1271 ("In *Hurth*, this Court specifically held that the Alabama statute of limitation in Rule 32 is firmly established and regularly followed for purposes of applying the doctrine of procedural default."

---

[4] *Contra Moore v. Campbell*, 344 F.3d 1313, 1320 (11th Cir. 2003) (because Rule 32.2(c) "was not firmly established and not regularly followed" prior to *Williams v. State*, 783 So. 2d 135, 137 (Ala. Crim. App. 2000), *see Siebert v. Campbell*, 334 F.3d 1018 (11th Cir. 2003), it could not procedurally bar a Rule 32 petition upon which Alabama courts ruled on in 1998 and 1999).

8

(citing *Hurth v. Mitchem*, 400 F.3d 857, 863 (11th Cir. 2005))); *see also Kuenzel v. Commissioner, Ala. Dep't of Corrs.*, 690 F.3d 1311, 1314 (11th Cir. 2012) (Rule 32.2(c) is "an independent and adequate state procedural rule." (citation omitted)); *Crumpton v. Patterson*, No. CA 11–0086–WS–C, 2011 WL 4482878, at *12 (S.D. Ala. Sept. 9, 2011) ("Rules 32.2(a)(3), (a)(5), and (c) are firmly established and regularly followed when applied by the state courts of Alabama . . . ." (citations omitted)), *report and recommendation adopted*, 2011 WL 4482721 (S.D. Ala. Sept. 28, 2011); *Pace v. Haley*, Civil Action No. 2:99v962-ID, 2006 WL 3052968, at *17 (M.D. Ala. Oct. 26, 2006) ("[T]his court concludes that, with the exception of the three claims that Pace raised on direct appeal to the Alabama Court of Criminal Appeals, all of Pace's claims for federal habeas relief are procedurally defaulted because the last state court to address the issue held that Pace did not file a timely appeal of the trial court's denial of his Rule 32 petition.").

In Smith's case, the Court of Criminal Appeals applied Rule 32.2(c) to preclude consideration of her substantive claims after first determining she was not entitled to equitable tolling of the one-year deadline.[5] Such a determination,

---

[5] In *Ex parte Ward*, 46 So. 3d 888 (Ala. 2007), cited in the decision of the Court of Criminal Appeals, the Alabama Supreme Court recognized that the one-year statute of limitations in Rule 32.2(c) was subject to equitable tolling, *see id.* at 896-98, after first holding that, although "the limitations provision in Rule 32.2(c) is not a jurisdictional bar, it is nonetheless written in mandatory terms[,]" *id.* at 896. And "[b]ecause the limitations provision is mandatory and applies in all but the most extraordinary of circumstances, when a petition is time-barred on its face the petitioner bears the burden of demonstrating in his petition that there are such extraordinary circumstances justifying the application of the doctrine of equitable tolling. . . . A petition that does not assert equitable tolling, or that asserts it but fails to state any principle of law or any fact that would entitle the petitioner to the equitable tolling of the applicable limitations provision, may be summarily dismissed without a hearing." *Id.* at 897-98 (citations omitted).

9

however, does not substantively alter the conclusion that Rule 32.2(c) is "an independent and adequate state procedural rule." *Kuenzel*, 690 F.3d at 1314; *cf. Allen v. Siebert*, 552 U.S. 3, 6 (2007) ("The fact that Alabama's Rule 32.2(c) is an affirmative defense that can be waived (or is subject to equitable tolling) renders it no less a 'filing' requirement than a jurisdictional time bar would be; it only makes it a less stringent one.").

Because the Court finds Rule 32.2(c) to be "firmly established and regularly followed," there are only two remaining "circumstances in which an otherwise valid state-law ground will not bar a federal habeas court from considering a constitutional claim that was procedurally defaulted in state court"—(1) "where the petitioner had good 'cause' for not following the state procedural rule and was actually 'prejudiced' by not having done so" and (2) "where failure to consider the petitioner's claims will result in a 'fundamental miscarriage of justice.'" *Hardy*, 2010 WL 9447204, at *6 (collecting cases, including *Coleman*, 501 U.S. at 750 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred ***unless*** the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." (emphasis added))).

Importantly, the burden to establish these "two exceptions to procedural default" is solely Smith's. *Wilson v. Humphrey*, Civil Action No. 5:10–CV–489

10

(MTT), 2013 WL 6795024, at *2 (M.D. Ga. Dec. 19, 2013) ("If the habeas respondent establishes that a default has occurred, ***the petitioner bears the burden of establishing*** 'cause for the failure to properly present the claim and actual prejudice, or that the failure to consider the claim would result in a fundamental miscarriage of justice.'" (quoting *Conner v. Hall*, 645 F.3d 1277, 1287 (11th Cir. 2011)) (emphasis added)); *Franqui v. Florida*, No. 07-22384-CIV, 2008 WL 2747093, at *14 (S.D. Fla. July 10, 2008) ("Again, it is imperative to note that it is absolutely Franqui's burden to establish cause and actual prejudice or that failure to consider the claims will result in a fundamental miscarriage of justice." (citing *Coleman*, 501 U.S. at 750)); *Waldrop v. Thomas*, No. 3:08–CV–515–WKW, 2014 WL 1328138, at *13 (M.D. Ala. Mar. 31, 2014) ("[T]he court may consider procedurally defaulted claims only if petitioner can show cause for the procedural default in the state courts and resulting prejudice or a fundamental miscarriage of justice. Petitioner makes no attempt to satisfy this rigorous standard, instead maintaining that each of the subject claims was fairly presented in the state courts." (citation omitted)); *see also Hooks v. Thomas*, Civil Action No. 2:10cv268–WKW, at *5 (M.D. Ala. July 1, 2011) ("[T]he petitioner bears the burden of demonstrating ***both*** cause ***and*** prejudice to save the claim from a procedural default[.]" (emphasis in original) (citing *Gordon v. Nagle*, 2 F.3d 385, 388 n.4 (11th Cir. 1993))), *report and recommendation adopted*, 2011 WL 4542675 (M.D. Ala. Sept. 30, 2011); *Harris v. Secretary, Dep't of Corrs.*, No. 8:06–CV–1582–T–27TGW, 2009 WL 2460772, at *6 (M.D. Fla. Aug. 10, 2009) ("In sum, Petitioner wholly fails his burden to establish

cause and prejudice for his procedural default."); *accord Jones v. Harrelson*, No. Civ.A. 98–0539–CB–L, 2001 WL 530504, at *7 (S.D. Ala. Apr. 25, 2001); *Reed v. Jones*, No. CIV. A. 970563RVL, 2000 WL 1848148, at *6 (S.D. Ala. Dec. 4, 2000).

Smith has not even attempted to show cause for her procedural defaults in the state courts. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (quoting *Wright v. Hooper*, 169 F.3d 695, 703 (11th Cir. 1999)). To establish "cause" here would have required Smith to demonstrate why she failed to properly raise her claims in the second Rule 32 petition ***by*** invoking equitable tolling, which is at the heart of why the Court of Criminal Appeals found it was precluded from reaching the underlying merits of her claims. Instead, she acknowledges she failed to timely appeal the May 25, 2010 denial (of, as characterized by the Court of Criminal Appeals, her second Rule 32 petition[6]) and, evidently asserts that this Court's failure to consider her procedurally defaulted claims would be a fundamental miscarriage of justice, arguing that her "failure . . . should be excused by her claim of actual innocence." (Doc. 14 at 5.) *See Davis v.*

---

[6] Smith characterizes her July 8, 2010 filing as an untimely appeal of the May 25, 2010 denial (*see id.*) and not as a third Rule 32 petition. The Court of Criminal Appeals clearly held that, under Rule 32, the July 8, 2010 filing should not be characterized as an appeal. Thus, to the extent Smith is complaining about Rule 32's requirements, such an objection "involves a claim under state law," and as such, "provides no basis for federal habeas corpus relief." *Tomlin v. Patterson*, Civil Action No. 10–00120–CG–B, 2013 WL 4046451, at *73 (S.D. Ala. Aug. 7, 2013) (citing *Carroll v. Secretary, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009), and noting, as stated above, "this Court's review of Rule 32.2(c) is limited to determining, for purposes of procedural default, whether the state procedural rule was firmly established and regularly followed")).

*Terry*, 465 F.3d 1249, 1252 n.4 (11th Cir. 2006) ("It would be considered a fundamental miscarriage of justice if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (in turn quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)))).

Certainly, "[i]n a 'rare,' 'extraordinary,' and 'narrow class of cases,' a federal court may consider a procedurally defaulted claim in the absence of a showing of 'cause' for the procedural default, if[—as applicable here—]a 'fundamental miscarriage of justice' has 'probably resulted in the conviction of one who is actually innocent' . . . ." *Hardy*, 2010 WL 9447204, at *7 (quoting *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (in turn quoting, respectively, *Engle v. Isaac*, 456 U.S. 107, 135 (1982) and *Murray*, 477 U.S. at 496) (footnotes omitted)); *see also Schulp*, 513 U.S. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). "To be credible[, moreover,] a claim of actual innocence 'requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Crumpton*, 2011 WL 4482878, at *13 (quoting *Schlup*, 513 U.S. at 324).

In an attempt to establish the "narrow" fundamental miscarriage of justice/actual innocence exception to procedural default, Smith mentions the trial court's exclusion of a videotape of her husband taking "sole[] responsibil[ity for]

13

making one of the video recordings of the victim" and states that, although the record mentions two video recordings of the victim—who is Smith's daughter—it is "unclear [ ] which video was the basis for Virginia Smith's prosecution, and whether both video recordings subjected Smith to prosecution. If John Smith took responsibility for creating the video on which Virginia Smith's prosecution was based, an actual innocence claim may exist." (Doc. 14 at 5.)

This response, however, does not come close to establishing actual innocence. While Smith references trial testimony from her daughter (Doc. 9-9 at 5, 9), to establish the existence of two video recordings, she fails to mention that, in the cited excerpt from her daughter's testimony, her daughter testified that Smith was captured on one of the video recordings, "setting up the video camera." (Doc. 9-9 at 9.)

> Q. All rights. On the first videotape, [victim,] do you see your mother?
> A. Yes, ma'am.
> Q. What is she doing?
> A. She was setting up the video camera.

(*Id.* at 9:11-15.) In light of the underlying record as a whole, Smith's speculation, coupled with her selective use of that record, to conjure up a theory of actual innocence falls far short of ***establishing*** a claim of actual innocence, which is what is required to show that a fundamental miscarriage of justice will result from following the state court procedural default holding. *See, e.g., Moulton v. United States*, Nos. CV–10–RDP–RRA–8006–S, CR–07–RDP–RRA–0396–S, 2012 WL 1884893, at *3 (N.D. Ala. Mar. 23, 2012) ("In order to ***establish*** actual innocence, [a

14

petitioner] must present reliable evidence not presented at trial that ***establishes*** 'that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.' [A petitioner who] offer[s] nothing to indicate 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' . . . fail[s] to ***establish*** that he is actually, factually innocent." (quoting *Schlup*, 513 U.S. at 327) (emphasis added)), *report and recommendation adopted*, 2012 WL 1884852 (N.D. Ala. May 22, 2012); *Williams v. Folino*, Civil Action No. 98–1320, 2009 WL 2998154, at *16 (W.D. Pa. Sept. 15, 2009) ("To meet [the actual innocence] standard, the prisoner must show a fair probability that, ***in light of all the evidence***, including that claimed to have been illegally admitted and that claimed to have been wrongly excluded or which became available only after trial, the trier of fact would have entertained a reasonable doubt of his guilt." (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 n. 5 (1992) (in turn citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 n.17 (1986))) (emphasis added)); *see also Bennett v. Rozum*, No. 4:06-cv-1998, 2008 WL 1734765, at *2 (M.D. Pa. Apr. 8, 2008) ("Bennett fell well short of the high burden required to demonstrate that a fundamental miscarriage of justice would result from the Court's procedural holding. Bennett presented no new, credible evidence to support his claim of actual innocence. The only new evidence relied upon, the record of the 911 call that Bennett alleges was improperly excluded from trial, is wholly unreliable. Further, even if the 911 call were considered, Bennett has not shown that no reasonable juror would have voted to find him guilty. The vague 911 call does little to

demonstrate Bennett's actual innocence in light of the substantial evidence presented by the Commonwealth which supports the jury's guilty verdict.").

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition/motion is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Inasmuch as Smith's procedural default of her claims bars

this Court from entertaining the instant petition/motion, a reasonable jurist could not conclude either that this Court is in error in denying it or that Smith should be allowed to proceed further. *See Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[7]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## IV. <u>Conclusion</u>

For all of the reasons discussed above, the Magistrate Judge **RECOMMENDS** that Smith's petition (Doc. 3) be **DENIED** and that the Court

---

[7] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011. (*See* Doc. 14 in CA-11-0165-WS-C.)

find Smith is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

## V.     Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 4th day of June, 2014.

        */s/ Katherine P. Nelson*
        **KATHERINE P. NELSON**
        **UNITED STATES MAGISTRATE JUDGE**